UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20488-CR-COOKE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PEDRO MARTIN,

        Defendant.
_____/

**JOINT MOTION FOR REDUCTION OF SENTENCE PURSUANT TO THIS COURT'S EQUITABLE POWER AND 18 U.S.C. § 3582(c)(2)**

      Pedro Martin, through counsel, and Assistant United States Attorney Juan Antonio Gonzalez, move to reduce Mr. Martin's sentence based on a retroactive change to the applicable sentencing guideline range and the findings made by the United States Sentencing Commission. At his original sentencing, the Court calculated Mr. Martin's guideline range as 25, a criminal history category of IV, and an advisory guideline range of 84 to 105 months. DE 442. This Court determined Mr. Martin's sentence based, in part, on a base offense level of 25 for a drug amount between at least 2 kilograms but less than 3.5 kilograms of cocaine. Ultimately, this Court sentenced Mr. Martin to 84 months of imprisonment. DE 443.

      On April 20, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables are set. United States Sentencing Commission,

1

*Guidelines Manual*, § 2D1.1. (Nov. 2014); *id*. app. C supp. amend. 782. Specifically, Amendment 782 reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1. *Id*. Therefore, effective November 1, 2014, the United States Sentencing Commission amended the base offense level under U.S.S.G. § 2D1.1, such that a drug offense involving between 2 kilograms but less than 3.5 kilograms of cocaine now carries a base offense level of 23 (minus two levels from the original level). *Id*.

The Sentencing Commission, after proposing Amendment 782, held further hearings on the equitable issues involved in the application of the amended guideline ranges and concluded, on July 18, 2014, that this guideline amendment is so significant that it must be given retroactive effect under the Congressional authorization of 18 U.S.C. § 3582(c). Thus, U.S.S.G. § 1B1.10 also was amended by the Sentencing Commission to expressly make Amendment 782 retroactively applicable to previously-sentenced defendants such as Mr. Martin.

The newly-amended U.S.S.G. § 1B1.10(a)(1) provides, in pertinent part, that where:

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c).

Amendment 782 is listed in U.S.S.G. § 1B1.10(d). **Applying this retroactive guideline to Mr. Martin yields a reduced guideline range of 70-87 months (criminal history category IV).**

Pursuant to the express provision of 18 U.S.C. § 3582(c)(2), once it has imposed sentence, this Court has the discretion to reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* This Court should exercise that discretion in this case. Section 3582(c)(2) permits a modification of sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute instructs that a sentencing court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Eleventh Circuit, in *United States v. Carter*, 110 F.3d 759, 761 (11th Cir. 1997), explained the procedure for granting a § 3582(c) reduction under the formerly mandatory guidelines as follows:

> In cases where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the district court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2). According to the applicable guidelines policy statement, a defendant is eligible for retroactive application of a subsequently enacted guideline amendment if the amendment is listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s.

The *Carter* court held, however, that "[w]hen determining whether to reduce the defendant's sentence, the court should consider the factors set forth in 18 U.S.C. § 3553(a) 'to the extent they are applicable.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

3

"The court should also consider the sentence it would have imposed had the amendment been in effect at the time the defendant was sentenced." *Id.* at 762 (emphasis added) (citing U.S.S.G. § 1B1.10(b), p.s.). *See also United States v. Brown*, 104 F.3d 1254, 1255 (11th Cir. 1997) ("The decision [of a motion to reduce sentence under § 3582(c)(2)] turns upon the district court's evaluation of the factors enumerated [in 18 U.S.C. § 3553(a)]."); *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997) ("A court should 'consider the sentence that it would have imposed had the [retroactive] amendment(s) to the guidelines listed in [U.S.S.G. § 1B1.10(c)] been in effect at the time the defendant was sentenced' ... All other guideline application decisions remain unaffected.") (emphasis added) (quoting U.S.S.G. § 1B1.10(b)).

Several factors warrant reduction of Mr. Martin's sentence in this case as authorized by the relevant statute and guideline. First among them is the clear applicability of the amended guideline to Mr. Martin's case. The United States Sentencing Commission, supported by a wealth of study, legal analysis, and consultation with judicial and other sources, concluded that the pre-Amendment quantity-based offense levels were unnecessarily severe in light of developments in sentencing law and upon consideration of the ever-escalating costs of housing a large prison population.[1] In an effort to render fairer sentences and cost savings,

---

[1] Significantly, the Sentencing Commission recognized that based on recent experience with the reduction to the crack cocaine guidelines that "modest reductions in drug penalties . . . will not increase the risk of recidivism." The Sentencing Commission arrived at this conclusion by comparing recidivism rates for offenders released early as a result of retroactive application of the 2007 crack cocaine amendment with a previously sentenced control group. After two years, and again after five years, there was no statistically significant difference in recidivism rates between the two groups. *See* Amendments to the Sentencing Guidelines, p. 25, available at

4

Amendment 782 mandates a two-level reduction of all offense levels between the level thirty-eight maximum and level-six minimum.

The U.S.S.C. made the amended guideline retroactive for the purpose of granting relief in cases like the instant case where the defendant was sentenced under the pre-Amendment § 2D1.1 base offense level. U.S.S.G. § 1B1.10(d), p.s. (November 1, 2014). As set forth in the Sentencing Commission's published "Reason for Amendment," the Sentencing Commission determined Amendment 782 should be retroactive based upon its finding the following: (1) the reduction of quantity-based offense levels would alleviate overcapacity in federal prisons; (2) that the number of cases affected is large and the magnitude of the change to the guidelines range is significant; and (3) that the administrative burdens of applying Amendment 782 retroactively, while significant, are manageable.[2] In fact, to mitigate over-taxing the corrections system, the Sentencing Commission included a special instruction which requires the effective date of the Court's order reducing the term of imprisonment to be on or after November 1, 2015. U.S.S.G. § 1B1.10(e) (November 1, 2014). With earned credit for good behavior, Mr. Martin's release date is May 8, 2017. As such, he clearly is among those whom the Sentencing Commission intended to benefit by retroactively applying Amendment 782.

---

http://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20140430_Amendments.pdf (last accessed October 28, 2014).

[2] *See* "Reason for Amendment" available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf (last accessed October 28, 2014).

**The Determination of Mr. Martin's Sentence Under the Prior Guidelines.**

At his original sentencing, the Court calculated Mr. Martin's guideline range as a 25, a criminal history category of IV, and an advisory guideline range of 84 to 105 months. DE 442. This Court determined Mr. Martin's sentence based, in part, on a base offense level of 25 for a drug amount between at least 2 kilograms but less than 3.5 kilograms of cocaine. Ultimately, this Court sentenced Mr. Martin to 84 months of imprisonment. DE 443.

**The Determination of Mr. Martin's Sentence Under the Current Guidelines.**

Under the current version of the Guidelines, this retroactive guideline to Mr. Martin yields a reduced guideline range of 70-87 months.

**For the foregoing reasons, Mr. Martin requests that his sentence be reduced from 84 months to 70 months.**

AUSA Juan Antonio Gonzalez, after reviewing the disciplinary records of Mr. Martin, and in consideration of the factors of 18 U.S.C. § 3553 (e), advised counsel to represent to the Court that he joins the recommendation that Mr. Martin's sentence be reduced to 70 months.

Respectfully submitted,

/s/ Marc David Seitles
_____
Marc David Seitles
Fla. Bar No. 0178284

The Law Offices of Marc David Seitles, P.A.
Courthouse Center

6

>40 N.W. 3rd Street
>Penthouse One
>Miami, FL 33128
>Tel: (305) 403-8070
>Fax: (305) 403-8210
>Email: mseitles@seitleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2015, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing the Assistant United States Attorney, Juan Antonio Gonzalez.

>/s/ Marc David Seitles
>
>_____
>Marc David Seitles, Esq